GRIFFIN, J.,
concurring specially.
I write only because it is clear that counsel for appellant feels aggrieved by certain procedural irregularities in the entry of summary final judgment in this case and will not understand this court’s decision to affirm without opinion. Unfortunately, this is one of those rare cases where the lack of a transcript of the hearing of defendant’s summary judgment motion or a statement of proceedings prepared pursuant to Florida Rule of Appellate Procedure 9.200(b)(4) is fatal. It prevents us from knowing exactly what was said about the lack of notice, the late filed memorandum of law and the court’s oral ruling on the defendant’s motion. Counsel’s affidavit is not disbelieved; it simply is no substitute. Some things are undisputed, such as the fact that there never was a notice that the motion was being called up at the pretrial conference or that counsel for defendants first served a twenty-six page memorandum of law on appellant’s counsel at the hearing. A record showing the court’s oral ruling denying the motion before granting it in writing and the purpose of the appellant’s right to file a responsive memorandum would be indispensable. Moreover, without a showing of prejudice, the various procedural irregularities complained of would not warrant reversal. Appellant does not attempt to persuade us that the summary judgment was wrong; merely that its entry was wrong.